UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

148133 CANADA, INC., d/b/a         Case No. 08-14343
CWM MARKETING,

                                   HONORABLE SEAN F. COX
         Plaintiff,              United States District Judge

v.

GLOBAL GALLERY, INC.,

         Defendant.
_____/

OPINION GRANTING PLAINTIFF'S MOTION
FOR ENTRY OF DEFAULT JUDGMENT [Doc. No. 15]

Plaintiff 148133 Canada, Inc., d/b/a/ CWM Marketing ("CWM") filed this diversity breach of contract action on October 14, 2008, alleging that the Defendant, Global Gallery, Inc. ("Global Gallery") failed to remit sales commission payments as required by their contract. The matter is before the Court on CWM's Motion for Entry of Default Judgment [Doc. No. 15], a hearing upon which was held on October 1, 2009. For the reasons below, the Court **GRANTS** CWM's motion [Doc. No. 15].

BACKGROUND

In March of 2003, CWM entered into a sales representation agreement with Global Gallery, with Global Gallery agreeing to act as CWM's sales representative and solicit orders for UKKO ice resurfacing machines. Per their agreement, Global Gallery was to remit 10% of any sales on these ice machines to CWM.

According to CWM, Global Gallery was successful in securing purchase orders for at least three UKKO ice resurfacing machines from the City of Toronto, each at a price of CAN

1

$148,350.  Despite their sales commission agreement, however, CWM alleges that Global Gallery failed to remit 10% of the purchase price on these machines to CWM.

CWM filed this diversity suit on October 14, 2008, alleging the following causes of action: 1) breach of contract; and 2) violation of the Michigan Sales Representatives Commission Act (SRCA), M.C.L. § 600.2961.

After several unsuccessful attempts to serve Global Crossing with process, CWM filed a "Motion for Alternate Service" [Doc. No. 6] on February 25, 2009.  The Court granted that motion [*See* Court's March 3, 2009 Order, Doc. No. 9], allowing CWM to complete service of process in this action by publication and mailing pursuant to M.C.R. 2.106(D).  CWM complied with the Court's March 3, 2009 Order, filing an Affidavit of Publication [Doc. No. 11] on May 29, 2009, and a Certificate of Service [Doc. No. 12] on June 10, 2009.

Global Gallery did not file an answer to CWM's complaint, and a "Clerk's Entry of Default" was issued on June 12, 2009 [Doc. No. 14].

On June 29, 2009, CWM filed their instant "Motion for Entry of Default Judgment" [Doc. No. 15], and has since filed proof of service upon Global Gallery of both their instant motion [*See* Doc. No. 16] and the Court's notice of hearing on the motion [*See* Doc. No. 18].  No brief in response to CWM's motion has been filed by Global Gallery.  While CWM was present at the October 1, 2009 hearing, Global Gallery failed to attend the hearing.

CWM requests that the Court enter a default judgment in the amount of $125,576.50 That amount is comprised of the following: 1) $39,366.84 for unpaid sales commissions; 2) $78,733.68 in double-penalty damages pursuant to the SRCA, M.C.L. § 600.2961(5)(b); 3) $2,650.00 in attorney fees and $582.50 in court costs; and 4) $4,243.48 in prejudgment interest

pursuant to M.C.L. § 600.6103(8).

## ANALYSIS

"Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006). Although liability is no longer an issue once default has been entered, however, the plaintiff must still prove the extent of its alleged damages. *See, e.g., Antione v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995).

Rule 54 of the Federal Rules of Civil Procedure provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). With respect to each of the two counts, CWM's complaint contains the following prayer for relief:

> WHEREFORE, Plaintiff, 148113 Canada, Inc., d/b/a CWM Marketing, respectfully demands judgment against Defendant, Global Gallery, Inc., in any amount in excess of $75,000 to which it is found entitled, plus all applicable costs, interest and attorney fees.

[Pl.'s Complaint, Doc. No. 1, p.3]. Thus, CWM is not seeking damages that are different in kind than those asserted in the complaint.

Rule 55, which governs default judgments, provides in pertinent part:

> The court may conduct hearings or make referrals - preserving any federal statutory right to a jury trial - when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

FED. R. CIV. P. 55(b)(2). Accordingly, this Court held a hearing on October 1, 2009 to determine the amount of damages claimed by CWM in this action, and now makes the findings below.

3

I. Damages Under a Breach of Contract Theory

As damages due to Global Gallery's alleged breach of contract, CWM requests a total of $39,366.84.  In support of those damages, CWM relies primarily upon the affidavit of its president, Cary Miller ("Miller") [Pl.'s Ex. B, Doc. No. 15].  Miller recounts the existence of the 10% commission agreement between CWM and Global Gallery, and CWM attaches the City of Toronto's purchase order [Pl.'s Ex. G, Doc. No. 15] for the first of three UKOO Icecat resurfacing machines for CAN $148,350.00.  CWM also attaches a December 5, 2008 news article by Paul Moloney of the Toronto Star [Pl's Ex. H, Doc. No. 15], which recounts that two additional UKOO Icecat resurfacing machines were purchased by the City of Toronto.[1]

From this information, uncontested by Global Gallery for purposes of this hearing, it is evident that Global Gallery sold the City of Toronto three UKOO Icecat resurfacing machines, a total purchase of CAN $ 445,050.00.  Under their 10% sales commission agreement, therefore, Global Gallery was contractually bound to remit CAN $44,050.00 to CWM.  Per the attached exchange rate [Pl.'s Ex. J, Doc. No. 15] of 1.3052 Canadian Dollars per United States Dollar, CWM's alleged contractual damages amount to $39,366.84.

The Court therefore finds that CWM's damages under a breach of contract theory [Count I] amount to $39,366.84.

II. Double Damages Under the Sales Representatives Commission Act

As damages due to Global Gallery's alleged violation of the SRCA, CWM requests a

---

[1] Miller's Affidavit further alleges that Miller spoke with employees of Joe Johnson Equipment, Inc., the corporation servicing the machines for the City of Toronto, that these two additional machines were purchased from Global Gallery at the same price as the first purchase. [Miller Affidavit, Pl.'s Ex. B, Doc No. 15, ¶6].

total of $78,733.68, or double the amount of its contractual damages.  The SRCA's damages

provision provides as follows:

> A principal who fails to comply with this section is liable to the sales
> representative for both of the following:
>> (a) actual damages caused by the failure to pay the commissions when
> due.
>> (b) if the principal is found to have intentionally failed to pay the
>> commission when due, *an amount equal to 2 times the amount of*
>> *commissions due but not paid as required by this section or*
>> *$100,000.00, whichever is less*.

M.C.L. § 600.2961(5) (emphasis added).  CWM included in its complaint an allegation that

Global Gallery's failure to pay was intentional, as required to be eligible for the double damages

provision in the SRCA, which the Court deems as admitted by Global Gallery due to their failure

to answer the Complaint. [*See* Pl.'s Complaint, Doc. No. 1, ¶ 13].  As such, CWM is entitled to

twice its damages of $39,366.84, an amount totaling $78,733.68.

    III.  Attorney Fees Under the Sales Representatives Commission Act

Subsection (6) of the SCRA provides that a prevailing party may recover reasonable

attorney fees and court costs.  M.C.L. § 600.2961(6).  CWM seeks an award of $2,650.00 in

attorney fees, as well as $582.50 in court costs.

In support of its request for attorney fees, CWM attaches the Declaration of Kevin P.

Albus, who states that he expended 10.60 hours of time working on this case, broken down on an

attached spreadsheet. [*See* Albus Decl., Pl.'s Ex. K, Doc. No. 15, ¶9].  Applying Mr. Albus's

usual stated rate of $250 per hour, *Id*. at ¶10, CWM would be entitled to the requested $2,650.00

in attorney fees.

In support of its request for costs, CWM attaches receipts showing a $350.00 filing fee,

$32.00 in fees related to CWM's efforts to personally serve Global Gallery, and $200.50 in fees

related to CWM's service by publication for Global Gallery.

The Court finds CWM's requested attorney fees to be reasonable, and the costs associated with this suit speak for themselves. Therefore, the Court orders an award of $2,650.00 in attorney fees, as well as $582.50 in court costs.

IV. <u>Prejudgment Interest</u>

In a diversity case, pre-judgment interest is governed by state law. *Holland v. Earl G. Graves Publishing Co., Inc.*, 33 F. Supp. 2d 581, 582-83 (E.D. Mich. 1998). In Michigan, pre-judgment interest is governed by M.C.L. § 600.6013(8), which allows recovery of pre-judgment interest from the date the Complaint was filed through the date of entry of judgement in the matter, at a variable rate described in the statute. CWM calculates that the interest due through the filing of this judgment totals $4,243.48. The Court therefore orders prejudgment interest in the amount of $4,242.48.

CONCLUSION

For the reasons explained above, the Court **GRANTS** CWM's Motion for Entry of Default Judgment [Doc. No. 15].

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 5, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on

6

October 5, 2009, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager