UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

148133 CANADA, INC., d/b/a                    Case No. 08-14343
CWM MARKETING,
                                                               HONORABLE SEAN F. COX
            Plaintiff,          United States District Judge

v.

GLOBAL GALLERY, INC.,

            Defendant.
_____/

OPINION DENYING PLAINTIFF'S EX PARTE MOTION
FOR ISSUANCE OF POST-JUDGMENT SUBPOENAS Doc. No. 22]

     Plaintiff 148133 Canada, Inc., d/b/a/ CWM Marketing ("CWM") filed this diversity breach of contract action on October 14, 2008, alleging that the Defendant, Global Gallery, Inc. ("Global Gallery") failed to remit sales commission payments as required by their contract. The Court granted CWM's motion for entry of default judgment on October 5, 2009 [*See* Doc. No. 19], and entered a default judgment that same day.[1]

     On November 4, 2009, CWM filed their instant "Ex Parte Motion for Issuance of Post-Judgment Subpoenas" [Doc. No. 22], seeking issuance by the Court of post-judgment subpoenas for the purpose of conducting a judgment creditor's examination.

     Execution on judgments is governed by FED. R. CIV. P. 69, which provides, in pertinent part:

> In aid of judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person -

---

[1] An amended default judgment was signed by the Court on October 28, 2009 [*See* Doc. No. 21].

including the judgment debtor - as provided in these rules or by the procedure of
the state where the court is located.

FED. R. CIV. P. 69(a)(2).

CWM requests that the Court issue subpoenas commanding certain witnesses to testify at a creditor's examination, relying upon the "procedure of the state where the court is located" requirement in Rule 69(a)(2). While CWM is correct that, under Michigan law, a judgment creditor must request the Court to issue subpoenas for the purpose of conducting an examination of the judgment creditor, *see* M.C.L. § 600.6110, CWM *need not rely upon Michigan law* to satisfy the requirements of Rule 69(a)(2). Rather, CWM may also obtain discovery from the judgment debtor "as provided in these rules" - i.e., pursuant to the Federal Rules of Civil Procedure. Specifically, Rule 45(a)(3)(A) authorizes attorneys to issue subpoenas on their own, without the direct involvement of the Court.

For these reasons, the Court **DENIES** CWM's "Ex Parte Motion for Issuance of Post-Judgment Subpoenas" [Doc. No. 22]

**IT IS SO ORDERED**.


S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  December 15, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 15, 2009, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager